AUSTIN ET AL v. WILSON ET AL.

PRACTICE IN THE SUPREME COURT: REHEARING: SERVICE.

*Appeal from Winneshiek District Court.*

TUESDAY, OCTOBER 28.

*E. E. Cooley*, for appellants.

*Nourse, Kauffman & Co.* and *Adams & Bullis*, for appellees.

SEEVERS, J.—I. A rehearing was granted because it was claimed that the question whether the defendants could have an accounting of the amount due on the contract, and upon payment of such amount could have specific performance, was not determined in the foregoing opinion. It is conceded by counsel this point was not "very fully presented" in the former argument. A re-examination of that argument satisfies us it was not presented at all. The appellees insisted the tender was sufficient. The court below had so found, and whether or not this finding was correct, was the only question we were asked by the appellees to consider. It was not insisted by appellees that if the tender was found insufficient they were willing to pay any other or greater sum. It is claimed such an offer was made in the equitable defense pleaded below. But this question was not passed upon below, nor as we have said was it insisted we should do so. There is some doubt whether it would have been proper for us to have so done if it had been insisted upon.

The tender being found insufficient it followed that the plaintiffs as the case stood in this court were entitled to judgment, and we so said. But it was not intimated that the defendants could not in the court below make an additional tender, or have any issue tendered in the pleadings which had not been determined, investigated and passed upon there. The question now made has never been passed upon below or here. It will be in ample time for us to do so hereafter if we should be called upon in the proper manner and at the proper time.

II. The rules of this court require that a copy of petitions for a rehearing shall be delivered to the attorney or attorneys of the adverse party. We are advised this has not been done in the present case. Counsel for the appellants does not ask that any action be taken, because no copy of the petition for a rehearing was delivered to him.

We deem it proper however, to say that the rules in this respect must be observed, and cannot be ignored with impunity. The only safe way to be pursued is to serve a copy of the petition on the adverse party, and file proof of service with the clerk. The rule does not so require in terms, but this is the necessary inference.

Should this occur again and we are asked to take some action in respect

thereto, we shall feel constrained to make such an order in the premises as will clearly indicate that the rule must be observed. The former opinion is

AFFIRMED.